UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD N. CARLTON, #113154,

    Plaintiff,

v.

    CASE NO. 2:11-CV-15621
    HONORABLE GEORGE CARAM STEEH

JENNIFER GRANHOLM, et al.,

    Defendants.
_____/

## OPINION AND ORDER DENYING LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND DISMISSING THE COMPLAINT

I.

Michigan prisoner Edward N. Carlton ("Plaintiff") has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 and other statutory provisions against numerous state, county, and city officials. Plaintiff has not paid the $350.00 filing fee for this action, but has filed an application seeking leave to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1). In his complaint, Plaintiff challenges his state criminal proceedings, alleges conspiracy, perjury, and RICO violations, and apparently seeks to pursue a criminal action against the defendants. Having reviewed the matter, the Court finds that Plaintiff is not eligible to proceed without prepayment of the filing fee for this action and dismisses his complaint pursuant to 28 U.S.C. § 1915(g). The Court also finds that an appeal from this decision would be frivolous and cannot be taken in good faith.

II.

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat.

1321 (1996), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In short, the "three strikes" provision requires the Court to dismiss a civil case where the prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim upon which relief may be granted. *Id.*; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

The Court's records reveal that Plaintiff is a prolific litigator in federal court. He has filed more than three prior civil actions which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See, e.g., Carlton v. Baird*, No. 4:02-CV-00100 (W.D. Mich. Jan. 15, 2003); *Carlton v. Wingo*, No 2:90-CV-71607 (E.D. Mich. Oct. 15, 1990); *Carlton v. Mann*, No. 2:88-CV-72892 (E.D. Mich. Oct. 12, 1988); *Carlton v. Berg*, No. 2:88-CV-72904 (E.D. Mich. Aug. 26, 1988); *Carlton v. Wojniak*, No. 2:88-CV-73105 (E.D. Mich. Aug. 30, 1988). Plaintiff has also previously been denied leave to proceed without prepayment of the filing fee for having three strikes. *See Carlton v. Smith, et al.*, No. 1:04-CV-00708 (W.D. Mich. Dec. 13, 2004). Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee for this action unless

he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). He has made no such showing. He is thus not entitled to proceed without prepayment of the filing fee for this action and his complaint must be dismissed.

III.

Based upon the foregoing analysis, the Court concludes that Plaintiff has filed more than three previous lawsuits which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted and that he has failed to establish that he is under imminent danger of serious physical injury so as to fall within the exception to the three strikes provision of 28 U.S.C. § 1915(g). Accordingly, the Court **DENIES** Plaintiff leave to proceed without prepayment of fees for this action and **DISMISSES** his complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new complaint with payment of the $350.00 filing fee. The Court notes that any such complaint will be reviewed to determine whether it should be served upon the defendants or summarily dismissed. Lastly, the Court concludes that any appeal from this decision would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997). This case is closed.

    **IT IS SO ORDERED**.
Dated: January 3, 2012

                                                  S/George Caram Steeh
                                                  GEORGE CARAM STEEH
                                                  UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 3, 2012, by electronic and/or ordinary mail and also to Edward Carlton at Richard A. Handlon Correctional Facility, 1728 Bluewater Highway, Ionia, MI 48846.

S/Josephine Chaffee
Deputy Clerk