UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


EDWARD N. CARLTON, #113154,

        Plaintiff,

                                      CASE NO. 2:11-CV-15621
v.                                  HONORABLE GEORGE CARAM STEEH

JENNIFER GRANHOLM, et al.,

        Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

Michigan prisoner Edward N. Carlton ("Plaintiff") filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and other statutory provisions against numerous state, county, and city officials. Plaintiff did not pay the $350.00 filing fee, but submitted an application seeking leave to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1). In his complaint, Plaintiff challenged his state criminal proceedings, alleging conspiracy, perjury, and RICO violations, and sought to pursue a criminal action against the defendants. The Court concluded that Plaintiff is a three-striker who is not eligible to proceed without prepayment of the filing fee and dismissed his complaint pursuant to 28 U.S.C. § 1915(g). The Court also concluded that an appeal would be frivolous and could not be taken in good faith. The matter is before the Court on Plaintiff's motion for relief from judgment brought pursuant to Federal Rule of Civil Procedure 60(b).

To the extent that Plaintiff seeks reconsideration of the Court's decision, his motion must be denied. A motion for reconsideration which presents issues already ruled upon by the district court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952

(E.D. Mich. 1997).  Plaintiff has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(h)(3).

Furthermore, Plaintiff is also not entitled to relief under Federal Rule of Civil Procedure 60(b).  Under that rule, a district court will grant relief from a final judgment or order only upon a showing of one of the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).  Plaintiff has made no such showing.  The non-prejudicial dismissal of this action under 28 U.S.C. § 1915(g) was appropriate.  Plaintiff is not eligible to proceed without prepayment of the filing fee due to his three-strike status.

Plaintiff asserts that the Court erred because he was seeking to file a "criminal complaint" rather than a civil complaint.  The Court, however, was well aware that Plaintiff was seeking to bring a criminal action against the defendants, as well as civil claims under various statutes. Plaintiff does not have standing to file a criminal complaint.  A private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 63 (1986).  Plaintiff cannot institute a criminal action against another person because private citizens, whether or not they are incarcerated, cannot compel the criminal prosecution of another.

*Id*. at 64–65.  Decisions regarding who to criminally prosecute and what charges to bring rest within a prosecutor's discretion.  *See Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).  The Court properly construed Plaintiff's complaint as a civil action given the applicable law and his allegations.  Plaintiff has failed to show that the denial of his application to proceed without prepayment of the filing fee and the non-prejudicial dismissal of his complaint was improper.  Accordingly, the Court **DENIES** Plaintiff's motion for relief from judgment.  This case is closed.

**IT IS SO ORDERED.**

Dated:  January 23, 2012

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 23, 2012, by electronic and/or ordinary mail and also to Edward Carlton at Richard A. Handlon Correctional Facility, 1728 Bluewater Hwy., Ionia, MI 48846.

s/Marcia Beauchemin
Deputy Clerk